UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THOMAS A. MCCARTNEY #569174 | : | CIVIL ACTION NO. 14-CV-543 SECTION P |
| VERSES | : | JUDGE MINALDI |
| HEATHER WEST, ET AL | : | MAGISTRATE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Thomas Allen McCartney (hereafter "McCartney"), an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Winn Correctional Center (hereafter "WCC") in Winnfield, Louisiana, but, here, he complains of events that allegedly occurred while he was incarcerated at the Vernon Correctional Facility (hereafter "VCF") in Leesville, Louisiana.

McCartney names VCF Medical Director Heather West and VCF Sgt. Borders as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 USC §636 and the standing orders of the Court. For the following reasons it is recommended that this action be **DISMISSED WITHOUT PREJUDICE.**

## I.
### *Background*

McCartney claims that the defendants violated his constitutional rights under the Eighth Amendment by altering his medical records. Doc. 1, p. 4.  Specifically he states that in September of 2013 he received a copy of his April 2013 medication sheet from VCF. Doc. 1, p. 3.  Thereafter he obtained the same medication sheet from WCC which had been provided to that facility by the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Doc. 1, p. 4. McCartney asserts that the defendants West and Borders altered the records because VCF's original medication sheets contained less information than those sheets he later acquired from WCC.  *Id.*  McCartney claims that Borders altered the records in order to protect himself with respect to an April 15, 2013, incident involving McCartney. *Id*.

McCartney seeks declaratory relief, punitive damages. and a jury trial.  Doc. 1, p. 6.

## II.
### *Law and Analysis*

#### A.  *Frivolity Review*

Crain has been granted leave to proceed *in forma pauperis* pursuant to 28 USC §1915. Under 28 USC §1915(e)(2)(B)(i) and (ii), a district court is directed to dismiss an action if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim, the court must accept plaintiff's allegations as

true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  42 U.S.C. § 1983

Under 42 USC §1983 any person who, under the color of state law, deprives another of any right, privilege, or immunity secured by the Constitution and laws of the United States, "shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. Thus, in order to hold any defendant liable under 42 USC §1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

Here, McCartney asserts that his medical records were altered by the defendants. Even if we assume that allegation to be true as we are required to do, the mere alteration of medical records does not, alone, implicate the Eighth Amendment.

Moreover, McCartney fails to state facts that would satisfy the threshold requirements for an Eighth Amendment violation, namely that (1) the alteration was "sufficiently serious" such that it resulted "in the denial of the minimal civilized measure of life's necessities," and (2) the alteration was made with "deliberate indifference" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). Indeed, McCartney fails entirely to state an identifiable harm or injury resulting from the alleged alteration. Thus, at this time he lacks standing to sue under §1983 because he has not adequately pled a constitutional violation.[1]

---

[1] It is noted that McCartney sued several VCF officers in 13-cv-2880, *McCartney v. Burns, et al.*, which is pending before this court. The matter has been served, and the defendants have filed answers. McCartney did not name West or Borders as defendants in that matter. He did, however, state therein that the records in question in this matter had been altered. He also attached the pertinent documents to his complaint in the served case.

Accordingly, under 28 USC §1915(e)(2)(B)(i) and (ii), his claim is frivolous and fails to state a claim upon which relief can be granted. It should therefore be dismissed.

### III.
### *Conclusion*

For reasons stated above,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE.**[2]

Under the provisions of 28 USC §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] Should the findings in 13-cv-2880, *McCartney v. Burns, et al.,* impact McCartney's ability to state an identifiable injury, he will not be precluded from bringing such claims when and if same are ripe for consideration.